UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DAVID F. ANDERSON,

    Petitioner,

V.

WARDEN,

    Respondent.

Civil Action No. 6:19-cv-213-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Invoking 28 U.S.C. § 2241, *pro se* petitioner David Anderson has challenged the Federal Bureau of Prison's ("BOP's") calculation of his sentence. [R. 1.] Specifically, Anderson claims that his prior custody credits, First Step Act sentence reduction, and class completion should have resulted in a March 2019 release date, not the May 2020 release date the BOP has calculated. Accordingly, Anderson seeks immediate release from custody. [*Id.*] In response to Anderson's petition, the Warden asserts that Anderson has failed to exhaust his administrative remedies and, further, that his sentence has been correctly calculated.[1] [R. 8.] Upon review, the Court agrees with the Warden and **DENIES** Anderson's request for relief.

As a preliminary matter, it does not appear that Anderson has properly exhausted his administrative remedies. Before filing a habeas corpus petition under 28 U.S.C. § 2241, federal prisoners are generally required to fully and properly exhaust their administrative remedies. *See, e.g.*, *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). Limited exceptions exist where

---

[1] The Court directed Anderson to file a reply brief following receipt of the Warden's response [*see* R. 4], but Anderson never did so.

pursuing administrative remedies "would be futile or unable to afford the petitioner the relief he seeks," or where an inmate's failure to complete the remedy process "is due to the administrator, rather than the petitioner." *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 236 (6th Cir. 2006). In order for the futility exception to apply, a petitioner must demonstrate that the administrative remedy process is inadequate or cannot provide the relief requested. *See Aron v. LaManna*, 4 F. App'x 232, 233 (6th Cir. 2001). "Resort to administrative remedies is futile if there has been 'a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider.'" *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 690 (E.D. Ky. 2004) (quoting *James v. United States Dept. of Health and Human Servs.*, 824 F.2d 1132, 1139 (D.C. Cir. 1987)).

In his habeas petition Anderson acknowledges that he did not exhaust, but he claims it would have been futile for him to do so. [*See* R. 1 at 4-5.] Anderson specifically contends exhaustion was futile in his case because when he alerted the BOP to his concerns, the BOP "refused to fix [its] own mistake, even when it is obvious." [*Id.* at 4.] He further claims that when he tried to plead his case with staff members, they merely responded by telling him to "try again," thus delaying him from receiving the relief he seeks. [*Id.*] It appears from these contentions that Anderson subjectively believed following through with the BOP's administrative remedy process would have been pointless in his case. Nonetheless, these examples he offers in his petition do not objectively demonstrate that the remedy process would have been inadequate or unable to provide him with relief had he properly sought it. *See Aron*, 4 F. App'x at 233. In fact, Anderson's complaint alleges neither a lack of jurisdiction or "an unwillingness to reconsider." *See Colton*, 299 F. Supp. 2d at 690. Instead, Anderson admits that BOP staff directed him to "try again,"

2

thereby suggesting a grievance process *was* available to him and that he possibly could have received relief, had he only pursued it via the appropriate channels.

But even putting exhaustion concerns aside, Anderson is still not entitled to the relief he seeks on the merits. The Warden's brief carefully walks through the BOP's calculation of Anderson's state sentence, his federal sentence, and the various credits applied to each respectively. On May 5, 2008, Anderson was sentenced in Florida state court to 364 days of confinement. [*See* R. 8 at 2.] Thanks to prior custody credits and good time credit, Anderson completed his state sentence on January 1, 2009. [*Id.* at 3; *see also* R. 8-1 at 38.] Anderson then began serving his 210-month federal sentence on January 14, 2009, with credit given for time served that was not awarded to his state sentence.[2] [R. 8 at 3.] This 210-month sentence was later reduced to 150 months, per the First Step Act. *See United States v. Anderson*, et al., Case No. 1:08-cr-20601-JIC (S.D. Fla. 2008), R. 196 therein.

In his petition, Anderson suggests he was being held on a federal detainer while at his state facility and that his federal sentence should have begun on August 12, 2008, the date he finished a state drug completion course. [R. 1 at 3.] But federal law makes clear that a defendant's sentence generally begins on the date the defendant arrives at the official detention facility at which the sentence is to be served. *See* 18 U.S.C. § 3585(a). Thus, Anderson's 150-month federal sentence began on January 14, 2009, the day he was released by state authorities to exclusive federal custody. And as far as prior custody credits go, if a defendant is incarcerated prior to the date he arrives at the official detention facility (such as during the pretrial period), he will be given credit for that time only when the time "has not been credited against another sentence." 18 U.S.C. §

---

[2] On July 14, 2008, Anderson was transferred to federal custody on a writ of habeas corpus *ad prosequendum*, and he was sentenced to this 210 months in federal custody via a judgment imposed on December 19, 2008. *See United States v. Anderson*, et al., Case No. 1:08-cr-20601-JIC (S.D. Fla. 2008), R. 10 and R. 133 therein.

3

3585(b). Following Anderson's completion of the state drug course, he was still serving time on his Florida state sentence. Because the district court did not affirmatively state that Anderson's federal sentence should run concurrently with his state one, the sentence is considered to be a consecutive one. *See, e.g.*, 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively, unless the [district] court orders that the terms are to run concurrently."). Further, because Anderson "received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his . . . federal sentence. If [Anderson] were credited for this time against his current federal sentence, he would receive improper double credit." *Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) (citing 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)).

Finally, Anderson uses the words "*nunc pro tunc*" in his petition and at one point asks "if the Court is willing to accept this motion for '*nunc pro tunc*.'" [R. 1 at 4.] As the Warden explains, the BOP is given discretion to designate the place of a federal prisoner's imprisonment, including designating a state facility as a place of federal confinement. *See* 18 U.S.C. § 3621(b); *Davenport v. Ormond*, Civil No. 16-cv-295-DCR, 2017 WL 4230400, *3 (Sept. 20, 2017) (citing *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990)). Accordingly, a prisoner may submit a request for *nunc pro tunc* designation to the BOP, and the BOP will consider the request. *See* BOP Program Statement 5160.05: Designation of State Institution for Service of Federal Sentence. Here, Anderson has not submitted his request for a *nunc pro tunc* designation to the BOP. [*See* R. 8 at 9; R. 8-1 at 4-5.] If Anderson still desires to seek such a designation, he should make that request through the BOP's administrative remedy program rather than in the instant § 2241 petition.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Anderson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. Judgment will be entered contemporaneously herewith; and

3. This matter is **CLOSED** and **STRICKEN** from the Court's docket.

Dated January 15, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY